IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| E.B., a minor, et al., | ) | CASE NO.  1:23 CV 98 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, INC., et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion of Defendants, The Home Depot, Inc. and

Home Depot U.S.A., Inc., (collectively "Defendants") for Summary Judgment. (ECF #44) For

the reasons that follow, Defendants' motion is granted in part and denied in part.

## FACTS[1]

Plaintiffs, E.B. a 7 year old child, and his mother Stephanie Balli, filed this action against

Defendants Home Depot Inc. and Home Depot U.S.A. Inc. on January 18, 2023 asserting claims

of negligence and loss of filial consortium. Ms. Balli placed an online will call order for two types

of flooring from the Home Depot store located in Medina, Ohio. She drove to the Home Depot

---

[1]
        Except as otherwise cited, the factual summary is based on the Complaint and the
parties' statements of fact.  Those material facts which are controverted and supported by
deposition testimony, affidavit, or other evidence are stated in the light most favorable to
the non-moving party.

store on August 30, 2022 in her Chevrolet Suburban LT to pick up the flooring. Ms. Balli's two

year old son was with her. She pulled into an online pickup parking space at the front of the store.

A Home Depot employee, Ryan Cash, hand loaded 17 boxes of Oaxaca flooring into her vehicle.

Ms. Balli did not observe the loading of the flooring because she was focused on getting her two

year old son back into his car seat. After Mr. Cash finished loading the boxes, he instructed Ms.

Balli to drive to the rear of the store to pick up the rest of her order.

   At the rear of the store, the remaining flooring, Edwards Oak Rigid Core Click Lock

Luxery Vinyl, was outside on a pallet by the high bay door. It was stacked in a cube with two thin

orange bands wrapped around it. Two Home Depot employees did the loading–an older man and

a younger man who was operating a fork lift. Ms Balli was directed to back in her vehicle. She

did so and opened her lift gate. Ms. Balli briefly spoke to the workers and then went back to keep

an eye on her two year old. She did not watch the loading but heard some commotion because it

appeared "the older guy was getting nervous or getting frantic."(Balli Dep., at 26) Ms. Balli did

not make any requests as to how the pallet was to be loaded because she did not know how it

should be done. When they finished loading Ms. Balli expressed no concerns and did not ask for

any assistance securing the load because she thought that they had done that and had no reason

not to think that they had put it in securely.(Balli Dep. 30-31) The Home Depot employees asked

Ms. Balli how she planned to unload the flooring and she responded that her friend Caleb would

unload it for her.

   Ms. Balli drove directly home, which was approximately 22 miles from the Home Depot

store, and parked her car in her driveway. She stated that she did not feel the load shift in the

vehicle or notice anything that would tell her that something had happened in the back. (Balli

Dep, 34) Ms. Balli left the flooring in the Suburban until her friend Caleb was available to unload the flooring. She did not drive the Suburban after she parked in her driveway with the flooring on August 30.

On September 2, 2022, Ms. Balli's 7 year old son, Plaintiff E.B., opened the tailgate of the Suburban and the load of flooring fell out and trapped E.B. beneath it. Ms. Balli frantically moved some boxes aside, picked up E.B. and drove to the hospital. E.B. suffered serious and permanent injuries including a fractured skull, traumatic brain injury, numerous fractures and hemorrhages.

Later that day on September 2, 2022, Caleb Painter arrived to find boxes of flooring scattered about the driveway. He carried the boxes to the basement, cleaned up the driveway and took the pallet to the burn pit. The pallet was intact, although one of the slats was cracked and others were completely broken. (Painter Dep at 20-22)

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

-3-

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of*

-4-

*Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  Evidence may be presented by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.  Fed. R. Civ. P. 56(c).

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

Plaintiffs' Complaint alleges that Stephanie Balli was a business invitee of Defendants and, as such, Defendants owed her a duty to take necessary steps and precautions to act safely, including the loading and unloading of merchandise. (Complaint, ¶¶ 9-10). Further, the Complaint alleges that Home Depot, through its agents and employees breached various duties of care owed to Plaintiffs, including failing to load the flooring in a proper and reasonable manner; failing to reasonably inspect the flooring; failing to reasonably maintain a safe premise; failing to hire competent employees, failing to properly train and supervise employees; failing to warn of the dangerous condition of the flooring; failing to warn Plaintiff of the inability and incompetence of its employees to load and unload product safely when Defendants knew or should have known of the unsafe, dangerous and hazardous inability and incompetence of its employees; failure to manage the property; and such other acts and omissions of negligence as may be shown by the evidence at trial. (Id. at ¶11a-k) As a direct and proximate cause of the asserted acts of

-5-

negligence, recklessness, and wrongful conduct of Defendants, Plaintiff E.B. was crushed by the improperly secured flooring and suffered serious and permanent injuries as a result.

In their motion for summary judgment, Defendants argue that the duty owed by premises owners to invitees does not apply to Plaintiffs and that Plaintiffs cannot establish the elements of their negligence claim. Defendants also contend that any alleged violation of Defendants' store policies does not constitute negligence and that Plaintiffs' claims of negligent hiring, training and supervision fail. Finally, Defendants argue that Stephanie Balli's derivative claim of loss of consortium fails due to the lack of an actionable tort by Defendants. These arguments will be addressed in order.

## 1. Premises liability

Defendants argue that neither Plaintiff was a business invitee of Defendants at the time of the accident which occurred at Plaintiffs' home two days after the flooring was loaded at the Medina Home Depot. A person maintains invitee status so long as "she is on the part of the land to which the invitation and conforms her conduct to the terms of the invitation." *Conniff v. Waterland, Inc.*, 118 Ohio App.2d 647, 651, 693 N.E.2d 1127 (11th Dist. 1997); *Andler v. Clear Channel Broadcasting, Inc.*, 670 F.3d 717, 724 (6th Cir. 2012). *See also Gillespie v. Waterwheel Farms, Inc.*, 2018-Ohio-1535, 110 N.E.3d 1012,¶9 (2d Dist.); *Aponte v. Castor*, 155 Ohio App.3d 553, 2003-Ohio-6769, 802 N.E.2d 171, ¶7 (6th Dist.). As there is no evidence that E.B. was injured on Home Depot's premises or that any dangerous condition on Home Depot's premises caused his injury, any duties owed by Home Depot to its business invitees are not applicable to Plaintiffs here. Accordingly, Defendants assert that they are entitled to summary judgment on Plaintiffs' premises liability claim.

-6-

Plaintiffs concede that this is not a premises liability case and that liability here does not arise out of a defect on the premises. Rather, the duty here arises out of the affirmative act of loading the vehicle, or out of Home Depot's assumption of a duty to safely load the vehicle, upon which Ms. Balli relied. Defendants object that Plaintiffs are changing their theory of recovery in response to Defendants' motion for summary judgment. The Complaint alleges that Ms. Balli was a business invitee and that Home Depot owed their business invitees, including Ms. Balli, a duty to safely load and unload merchandise. While Plaintiffs' Complaint refers to duties owed to business invitees, it is also clear from the Complaint that Plaintiffs negligence claim was not based upon a defect in the premises but in the alleged negligent loading of Plaintiffs' vehicle. As such, Defendants have suffered no prejudice in Plaintiffs' change in the theory of recovery.

### 2. Negligence

Under Ohio law, a plaintiff must prove the following elements to succeed on a negligence claim: 1) existence of a duty; 2) breach of that duty; 3) proximate cause; and 4) damages. *Asad v. Cont'l Airlines, Inc.*, 328 F. Supp. 2d 772, 781 (N.D. Ohio 2004) citing *Hester v. Dwivedi*, 89 Ohio St.3d 575, 578, 733 N.E.2d 1161 (2000).

With respect to the first element, the existence of a duty, Plaintiffs contend that Defendants assumed a duty to safely load the flooring materials into Ms. Balli's vehicle–a duty upon which Ms. Balli reasonably relied. The existence of a duty is a question of law while the scope and extent of a duty is a question of fact,. *See Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). A duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case. *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 119 N.E.2d 440 (1954), paragraph one of the syllabus. It is well established that "[w]hen one

voluntarily assumes a duty to perform, and another reasonably relies on that assumption, the act must be performed with ordinary care." *Best v. Energized Substation Serv., Inc.* (1993), 88 Ohio App.3d 109, 115, 623 N.E.2d 158, 162. *See Northwest Airlines v. Glenn L. Martin Co.* (C.A.6, 1955), 224 F.2d 120, 127–128; *Elliott v. Fosdick & Hilmer, Inc.* (1983), 9 Ohio App.3d 309, 314, 9 OBR 575, 580–581, 460 N.E.2d 257, 263–264; *Essick v. Richmond Park Apts.* (Mar. 10, 1983), Cuyahoga App. No. 45030, unreported, 1983 WL 5831, at 4; *Burchfield v. Isenschmid* (July 1, 1994), Columbiana App. No. 93–C–52, unreported, 1994 WL 326343, at 3. Ohio courts have recognized and applied the "assumed duty" theory of recovery outlined in Section 323 of the Restatement of the Law 2d, Torts (1965), entitled "Negligent Performance of Undertaking to Render Services" which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> * * *
>
>  (b) the harm is suffered because of the other's reliance upon the undertaking.

*Fonderlin v. Trumbull Family Fitness*, 210 N.E.3d 113, 118 (11th Dist. 2023). Under Restatement Section 323(b) when someone undertakes a duty voluntarily, and another reasonably relied on that undertaking, the volunteer is required to exercise ordinary care in completing the duty. *Kerr-Morris v. Equitable Real Estate Invest. Mgt., Inc.* 136 Ohio App.3d 331, 335 (1999); *Briere v. Lathrop Co.*, 22 Ohio St.2d 166, 172 (1970). This theory of negligence does not require proof of a special relationship between the plaintiff and the defendant, or proof of somewhat overwhelming

-8-

circumstances and follows the general rules for finding negligence, with the addition of one extra element of proof, that of reasonable reliance by the plaintiff on the actions of the defendant. *Fonderlin*, 210 N.E.3d at 118. Based upon the deposition testimony of Ms. Balli, Defendants voluntarily assumed the task of loading the flooring into her vehicle and Ms. Balli relied on their presumed ability to load the material safely. The first element of Plaintiffs' negligence claim has been satisfied in that the Court finds that Defendants' voluntarily assumed the duty of loading the flooring materials at issue. The scope and extent of that duty are facts to be determined by a jury.

Defendants assert that Plaintiffs have not produced any evidence to show that Home Depot breached a duty of care to Plaintiffs. Plaintiffs counter that Home Depot has policies for safe loading to help ensure that materials are properly loaded and secured in customer's vehicles. Moreover, deposition testimony of Defendants' employees indicates that they were unaware of the safe loading standards and procedures. There is also deposition testimony of Home Depot employees Wise and Tepus agreeing that a pallet in the condition of the photograph of the pallet at issue here should not be used for customer merchandise as it would make the product unsafe for transport. (Wise Dep. at 55056, 58-59; Wise Dep. Ex.9; Tepus Dep. at 33) While a defendant's internal safety policies do not create a legal duty where one does not already exist, *See McGee v. Home Depot U.S.A., Inc.*, 2013 WL 5728346 (Ct. App. Ohio 2013), such policies may be considered by a jury as a factor, but not the only factor, in determining whether or not ordinary care was satisfied. *See Mackey v. Kroger Co.*, 1994 WL 456468 (Ct. App. Ohio 1994). As the Home Depot policies are not the only evidence available to the trier of fact on the question of whether Home Depot used ordinary care in the loading of Plaintiffs' vehicle, the Court finds that there is a genuine issue of material fact with respect to whether Defendants' breached their

-9-

assumed duty of care.

Next, there is a genuine question of material fact on the question of whether Home Depot's alleged negligence in loading Plaintiffs' vehicle proximately caused this incident. Contrary to Defendants' assertion that Plaintiffs offer only speculation that the loading of the flooring caused the flooring to fall from the vehicle, Plaintiff has offered evidence from which a jury could find proximate cause– *i.e.*, that Home Depot employees were the only ones who loaded the vehicle, the weight of the flooring exceeded what Home Depot knew to be safe for a Suburban, the flooring was not secured to the vehicle and the pallet, in addition to being broken was not fully wrapped and was only bound with two thin plastic cords. Plaintiff contends that Ms. Balli drove directly home and parked the vehicle which was not touched until her son opened the lift gate and the flooring spilled out. This asserted evidence exceeds mere speculation and is sufficient to deny summary judgment.

Plaintiffs also assert that this case warrants application of res ipsa loquitor. "Res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66, 262 N.E.2d 703 (1970). " 'The doctrine of res ipsa loquitur is not a substantive rule of law furnishing an independent ground for recovery * * *. The doctrine of res ipsa loquitur does not alter the nature of plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence.' " (Emphasis original.) *Dardy v. Thompson*, 11th Dist. Geauga No. 2013-G-3157, 2014-Ohio-2700, 2014 WL 2883278, ¶15 *quoting Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 169–170, 406 N.E.2d 1385 (1980). For the rule to apply, a plaintiff must adduce evidence in support of two

-10-

conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the

time of the creation of the condition causing the injury, under the exclusive management and

control of the defendant; and (2) that the injury occurred under such circumstances that in the

ordinary course of events it would not have occurred if ordinary care had been observed.

*Francosky v. Customized Vinyl Sales*, 2019-Ohio-2172, ¶¶ 19-20, 137 N.E.3d 542, 547 *citing*

*Hake, supra*, 66-67, 262 N.E.2d 703. Plaintiffs bear the burden of establishing the applicability of

res ipsa loquitor. *Jennings Buick, Inc., supra*, 63 Ohio St.2d at 171. Plaintiffs have provided

sufficient evidence of proximate cause to deny summary judgment and decision on the

applicability of res ipsa loquitor is not necessary at this time.

Finally, there is no dispute that Plaintiffs have suffered injuries and damages as a result of

the incident. Defendants' motion for summary judgment on Plaintiffs' negligence claim is denied.

### 3. Negligent hiring, training and supervision claims

The elements of negligent hiring, training, and supervision are essentially identical.

*Sheldon v. Kettering Health Network*, 2015–Ohio–3268, 40 N.E.3d 661, ¶ 41 (2d Dist.). The

plaintiff must prove "(1) the existence of an employment relationship; (2) the employee's

incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the

employee's act or omission caus[ed] the plaintiff's injuries; and (5) the employer's negligence in

hiring or retaining [or training or supervising] the employee [w]as the proximate cause of

plaintiff's injuries." *Id., citing Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 739, 680 N.E.2d

161 (10th Dist.1996). Plaintiffs have failed to produce any evidence on this claim. Plaintiffs

deposed a former Home Depot employee, Jarrett Wissner, who was probably the fork lift operator

who loaded the pallet on Plaintiffs' vehicle. He stated that he had the proper training and

-11-

certifications to operate heavy machinery. (Wissner Dep. at 13-17, 20-21, 25) Plaintiffs have also deposed the manager of the Home Depot store but cite no testimony relevant to hiring, training or supervision, particularly as to any knowledge of employee incompetence. While Home Depot's compliance with discovery was spotty and slow, any defects do not relate to the negligent hiring, training and supervision claims. Defendants' motion for summary judgment is granted as to the negligent hiring, training and supervision claims.

### 4. Loss of Filial Consortium Claim

Defendants move for summary judgment on the loss of filial consortium claim.  Under Ohio law, a loss of consortium claim is a derivative claim and is dependent upon a defendant committing a cognizable tort upon the parent of the child making the claim, or the child of the parent making the claim. *Cummerlander v. Patriot Preparatory Acad. Inc.*, 86 F. Supp. 3d 808, 830 (S.D. Ohio 2015); *See Ward v. Cnty. of Cuyahoga*, 721 F.Supp.2d 677, 695–96 (N.D.Ohio 2010) (tort committed upon the parent, with child making the filial consortium claim); *Wilson v. Columbus Bd. of Educ.*, 589 F.Supp.2d 952, 971–72 (S.D.Ohio 2008) (*citing Gallimore v. Children's Hosp. Med. Ctr.*, 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993)) (tort committed upon the child, with parent making the filial consortium claim).

As Defendants' motion for summary judgment on Plaintiffs' negligence claim has been denied, the motion for summary judgment on Plaintiffs' loss of filial consortium claim is also denied.

### CONCLUSION

For the reasons set forth above, Defendants Motion for Summary Judgment is denied in

-12-

part as to Plaintiffs' claims of negligence and loss of filial consortium and granted as to Plaintiffs' claims of negligent hiring, training and supervision.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: June 26, 2024

-13-